UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| DAVID SOLOMONT, | ) | Case No. 10-15146 (JNF) |
| Debtor. | ) | |
| | ) | |

AFFIDAVIT OF
ROBERT H. GAUGHEN, JR.

Now comes the undersigned and states swears and affirms as follows[1]:

I am President of the Hingham Institution for Savings. I submit this Affidavit in support of the Emergency Motion of Hingham Institution for savings Seeking (I) Confirmation that the Automatic Stay is not in effect, or in the alternative (II) Relief from the Automatic Stay, and (III) Dismissal of this Case, with Prejudice (the "Motion"). That after review of the books and records of the Bank pertaining to said loan the following facts are shown:

1. That David Solomont applied for a loan from Hingham Institution for Savings (Hingham). David offered as collateral for said loan property located at 60 Heath Hill[2], Brookline, MA and a lot adjacent thereto. At that time said lot stood[3] in the name of Joan Solomont, his wife, who would pledge it on his behalf[4].

2. Due to the credit issues of Mr. Solomont the loan was declined.

3. David Solomont sought to improve his credit standing and secured the agreement of his father-in-law, William B. Lichtner, to co-sign his loan. Upon reconsideration, the loan was approved upon those terms.

4. Due to the fact that the property was subject to litigation seeking to draw title back into David Solomont's name, as a transfer in defraud of creditors, permission of the Middlesex Superior Court in Civil Docket MICV2004-04921, *Benson v. Solomont, et al*, was required to allow the mortgage to proceed. (See Exhibits attached hereto as follows Note, Ex-1; Mortgage, Ex-2; Benson Court Approval of Hingham loan, Ex -3; Judgement in Benson action, Ex-4)

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

[2] Also known as Health Hill Road

[3] Of record subject to an action to set aside her deed as a transfer in fraud of creditors

[4] It is illegal under Regulation B of the Fair Credit Act to require the signature of a spouse on a credit extension, although the spouse is required to execute security documents if the parties wish to obtain the loan. This regulation is issued by the Board of Governors of the Federal Reserve System pursuant to title VII (Equal Credit Opportunity Act) of the Consumer Credit Protection Act, as amended (15 U.S.C. 1601 et seq.).

5. David Solomont executed a note, guaranteed by William B. Lichtner, to Hingham Institution for Savings in the original amount of $2,675,000.00. Joan Solomont executed a mortgage as security for said note on the Heath Hill properties. Both parties further executed documents authorizing the disbursement of the loan proceeds with respect to both 60 Health Hill Road and the lot adjacent thereto. The parties are in default on their payments on said loan. The outstanding principal balance is $2,675,000.00, together with costs and interest from May, 2009 through the Petition Date in a total amount of $2,997,090.03. (See breakdown of costs and charges at Ex-5)

6. The following encumbrances are shown on the examination of title to 60 Heath Hill, Brookline, MA or otherwise known to the Bank[5]

| Name of Creditor | Type of Lien | Principal Amount Owed |
|---|---|---|
| Hingham Inst. for Savings | First Mortgage | $2,927,564.84 |
| Stephen C. Demeter | Second Mortgage | $465,000.00 |
| Lloyd Kusch, Jr. | Third Mortgage | $445,000.00 |
| Pine Banks Nominee Trust By Assignment from Century | Bk & T Company | $250,000.00 |
| Pine Banks Nominee Trust | Mortgage | $1,200,000.00 |
| Commerce Bank &Trust Co. | Mortgage | $250,000.00 |
| Young & Associates d/b/a Advantage Payroll Services | Execution (D. Solomont) | $37,066.32 |
| Scott Benson | Execution (D. Solomont) | $483,753.48 |
| Daniel P. McLaughlin &Co, LLC | Execution (D. Solomont) | $30,185.22 |
| Commerce Bank &Trust | Writ (D. Solomont) | $36,000.00 |
| Mark Ostroff | Writ (D. Solomont) | $93,000.00 |
| Dept. of Treasury (D. Solomont) | Federal Tax Lien | $44,608.05 |
| Chestnut Equity Partners, LLC | Writ (D. Solomont) | $67,117.97 |
| **TOTAL** | | **$6,329,295.88** |

7. That title to 60 Heath Hill stands in the name of David and Joan Solomont, in accordance with the attached Judgement of the Middlesex Superior Court filed in the records of the Norfolk Registry of Deeds. Said Judgement voids the deed out of Solomont, ab initio, as being in fraud of creditors. (See Exhibit 4)

8. That, as part of the foreclosure process, Hingham has caused notices required by MGL c 244, s14 to be published and delivered to all persons entitled to notice of the said sale, originally scheduled for February, 2010. Prior to the auction, David Solomont filed an action in Norfolk Superior Court seeking to enjoin the sale. Relief was denied by the Court. After the Court denied Solomont's request, Solomont asked the Bank for time to make arrangements to bring his loan current. The Bank took Solomont at his word and agreed to grant a continuance of the auction until March, 2010. Prior to said auction Solomont filed for Bankruptcy protection for a second time.

---

[5] Certain encumbrances appear on both properties and are duplicitive. Note also no check has been made for discharges since 1st Bankruptcy Case. A partial release of one mortgage appears of record, however Solomont has since included the amounts thereof in disclosures of monies due.

9. Since the Fall of 2008 the Solomonts have filed the following actions:

   1) Transfer of the Property subsequently determined by State Court to be in defraud of Solomont's creditors, (Benson v. Solomont MICV 2004-04921);

   2) State Court action to challenge 1st foreclosure on various grounds and to seek injunctive relief. Relief denied. _Solomont v. Hingham Institution for Savings_, NOCV2009-00591;

   3) Bankruptcy filing of Joan Solomont under Ch 11, Case No. 08-19250 (JNF), relief from stay granted to this creditor by the Court;

   4) lst Bankruptcy Case filing of David Solomont under Ch 11 09-13072 (JNF) relief from stay granted to this creditor by the Court. Case converted to Ch 7 upon motion of the Trustee for failure to comply with orders of the Court and dismissed;

   5) State Court action to challenge 2nd foreclosure on various, grounds and to seek injunctive relief. Relief denied. _Solomont v. Hingham Institution for Savings_ NOCV2010-00291; and

   6) Bankruptcy 2nd Case filing of David Solomont under Ch. 11 10-12128 (JNF) relief from stay sought but determined moot when Court dismissed the case.

10. That Joan Solomont, the owner of the adjacent lot which forms a portion of the collateral[6] has made a judicial declaration in her Bankruptcy proceeding that she was abandoning the premises, which declaration was agreed to by the appointed Trustee. In abandoning the property the Trustee stated that:

    > *"As grounds for the abandonment the Trustee states that the **Property is of inconsequential value to the estate and is burdensome to the estate.** ... The estate has no funds with which to secure the Property or to insure it and it would be in the best interests of the estate to abandon the subject property";*
    > **Emphasis added**

11. That, based upon reasonable information and belief, David Solomont has on numerous occasions made factual representations to the Bank which have later been determined to be 'less than accurate'.

12. That Hingham has caused appraisals of the property to be made resulting in the value of $1,100,000.00 for the lot and $2,100,000.00 for the house. A copy of said appraisal is attached hereto as Exhibit 6.

13. That Solomont is unemployed to the best of the knowledge of the undersigned.

14. That Solomont has failed to maintain insurance on the property for a substantial period of time and it is unclear at this time whether the property is insured.

---

[6] See footnote 3 above

Signed and sworn under the pains and penalties of perjury this _14th_ day of May, 2010.

_____
Robert H. Gaughen, Jr.

4918720v.1